THE PEOPLE *v.* LORENZO.

Appeal from the District Court of Humacao.

No. 480.—Decided December 9, 1912.

CRIMINAL LAW—APPEAL—TRANSCRIPT OF RECORD—NOTICE OF APPEAL—OMISSIONS—JURISDICTION OF SUPREME COURT.—In order that the Supreme Court may have jurisdiction to decide an appeal it is necessary that the same shall have been taken in the cases in which the law allows an appeal and that the requisites necessary to consider it as perfected shall have been complied with. Therefore it is indispensable that the transcript of the record include a certificate of the notice of appeal which was filed, and this omission is not corrected although it is recited in the statement of the case that the same is filed by virtue of an appeal, or the taking of the appeal is shown in any other incidental manner in the transcript of the record.

ID. — APPEAL — TRANSCRIPT OF RECORD — ERRORS OR OMISSIONS — DILIGENCE OF APPELLANT.—Although in accordance with section 356 of the Code of Criminal Procedure as amended March 7, 1908, it is the duty of the secretary of the district court to prepare the transcript of the record in criminal cases, the appellant who is interested in the success of his appeal should by all means be diligent in seeing that before the hearing of the appeal the transcript of the record contains all the documents necessary to make it valid and that any error or omission which the secretary may have committed is corrected.

The facts are stated in the opinion.

*Mr. Arturo Aponte, Jr.,* for appellant.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE ALDREY delivered the opinion of the court.

On September 11 of this year there was filed in the office of the secretary of this court a certificate issued by the secretary of the District Court of Humacao containing the transcript of the record of case No. 1385 prosecuted in that court by The People of Porto Rico against Antolino Lorenzo for violation of the internal-revenue laws, from which transcript it appears that on March 5 last the said court rendered a judgment of conviction against the aforesaid Antolino Lorenzo.

The defendant failed to file an assignment of errors in this court, and after the *fiscal* of this court had filed his brief on October 14 following, the hearing was set for the 29th of the same month, but was later continued to November 8, on which day the *fiscal* of this court and an attorney for the defendant, Antolino Lorenzo, appeared.

When the hearing was about to commence we permitted the appellant's attorney, at his own request, to amend the record by the addition thereto of a certificate which he presented relative to certain particulars of said case and issued by the secretary of the District Court of Humacao. The *fiscal* in closing his argument called the attention of the court to the fact that the transcript did not contain a notice of appeal, wherefore this court had no jurisdiction over the case. After this statement was made counsel for the defendant asked for time to introduce a certificate containing the notice of appeal which he had filed in the court below.

We have carefully examined the papers which form the transcript of the record forwarded by the secretary of the District Court of Humacao and the certificate introduced by counsel for Antolino Lorenzo, and have found no document showing that Antolino Lorenzo appealed from the sentence pronounced against him.

In order that this court may have jurisdiction to decide an appeal it is necessary that the same shall have been taken in such cases as the law permits and that the requisites necessary to consider it as perfected shall have been complied with, for which reason the transcript of the record required for the purpose of deciding an appeal necessarily must contain a certificate of the notice of appeal filed so that knowledge may be had not only of the fact that an appeal was really taken, but that the same was filed within the time allowed by law and that notice thereof was served on the adverse party. That is the reason why section 356 of the Code of Criminal Procedure, amended March 7, 1908, in specifying the documents which in cases of appeal should be sent up by the secretary of the district court to the secretary of this court makes special mention of the notice of appeal. (See cases cited in 12 Cyc., 879, and the case of *López Landrón* v. *Rubert Hermanos,* 14 P. R. R., 5.)

The notice of appeal is so necessary that it cannot be dispensed with although the statement of the case may recite that said statement is filed by virtue of an appeal, or although it may be shown in any other incidental manner that an appeal exists.

It is true that in treating of appeals in criminal cases the law does not impose upon the appellant the duty of preparing the transcript of the record and that this duty falls upon the secretary of the district court, but, at any rate, the appellant, being interested in the success of his appeal, should see that before the hearing takes place the transcript contains all the documents necessary for the rendition of judgment and that any omission or error which the secretary may have committed is corrected. This principle was not unknown to Antolino Lorenzo's attorney for he corrected other defects of the transcript by means of the certificate presented by him and admitted by us at the hearing, though he did not correct the lack of notice of appeal.

Inasmuch as this court has no jurisdiction over this case it should be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Wolf stated that he concurred in the decision.